SERIALLY
v.
WELLS.

SERIALLY *against* WELLS.

It is a general rule, that, in actions arising ex delicto, the venue will be changed to the county where the cause of action arose, unless the plaintiff stipulate to give material evidence arising in the county where the venue is laid. A stipulation to give, &c. in an adjoining county, will not do. *Resolved,* in an action of *assault* and *battery.*

ASSAULT and battery. *T. E. Clark,* on the usual affi-. davit, moved to change the venue from *Schenectady* to *Onei-da,* where the defendant swore that the cause of action arose, and he had 20 witnesses residing.

*A. Paige,* contra, read an affidavit shewing that the plain-tiff had 24 witnesses residing in *Schenectady* and *Saratoga.*

*Clark.* We are out-numbered as to witnesses, but the action being for a *tort,* the plaintiff cannot retain his venue without stipulating to give material evidence arising in the county of *Schenectady.* It stands on the same footing, as an action of *trover* or *trespass de bonis, &c.* (*Ross* v. *Lown,* 8 *John.* 354. *Duryee* v. *Orcutt,* 9 *John.* 249.)

*Curia.* This rule is general, as to actions arising *ex de-licto.* We must change the venue, unless the plaintiff stipu-late.

*Paige.* Will it not be a compliance with the rule, if we stipulate to give material evidence arising in the adjoining county of *Saratoga ?*

*Curia.* No. You are confined to the county of *Schenec-tady,* where your venue is laid.

Time was given Mr. *Paige,* to advise whether he could stipulate with safety ;(*o*) and the matter was not mentioned again in Court, that I heard.

(*a*) If the plaintiff fail in doing that which he has undertaken, namely, to give material evidence at the trial, of some matter in issue arising in the county where the venue is laid, he will be non-suit. (2 *W. Bl.* 1031, *and vid.* 2 *T. R.* 281.) But it will be sufficient, if, for instance it be proved, that the deed upon which the action is founded was enrolled within the county, (*Peake's Ev.* 213,) or in an action by the assignees of a bankrupt, to prove that the commission issued, and the bankruptcy was declared in the county. (2 *M. & S.* 36, but *vid.* 1 *New Rep.* 310, *contra,*) or, it seems, to prove that the cause of action arose abroad, (1 *H. Bl.* 280,) or, in an action in

UTICA,
August, 1823.

*Middlesex*, to prove a payment of money into Court, even though the money were paid in after the rule to retain the venue was obtained. (2 *T. R.* 275.) But the undertaking in this case must be understood to have reference only to the evidence necessary to support the declaration : and, therefore, if the defendant confess and avoid the whole cause of action, or plead a tender to the whole declaration, the plaintiff will not be bound to produce at the trial, the material evidence he undertook to give. (1 *Taunt.* 518, and *vid.* 3 *Taunt.* 86. *Vid.* 2 *Archbold*, 177.)